UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCS GENERAL CONTRACTORS, INC. | CIVIL ACTION |
| VERSUS | NO. 06-0189 |
| D. BLAIR FAVROT, ET AL | SECTION "A" (2) |

### ORDER AND REASONS

Before the Court is a **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Rec. Doc. 29)**, filed by Plaintiff SCS General Contractors, Inc. ("SCS"). Defendants (collectively referred to as "the Favrot parties") oppose the motion. The motion, set for hearing on May 3, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

The Favrot parties own and operate the Chateaux Dijon Apartments in Metairie, Louisiana. The apartment complex sustained extensive damage during Hurricane Katrina. The Favrot parties retained SCS to repair the damage. The parties signed a "contract agreement" on September 21, 2005. In December, 2005, the Favrot parties ordered SCS to stop all work on the project. They contend, among other things, that they had repeatedly asked SCS to furnish a

statement of the scope of work, as required by the "contract agreement," or a time table and estimate to complete the project so that the parties could reach an understanding as to what work would be performed and at what cost.  (Affirmative Defenses, Answer and Counterclaim, Rec. Doc. 24, p. 13, ¶ 11).  According to the Favrot parties, SCS failed to respond to these requests in any meaningful way.  *Id*.

SCS filed this suit on January 17, 2006, alleging breach of contract, conversion, detrimental reliance, and unjust enrichment/quantum meruit.  Shortly after, they filed a motion for issuance of writ of sequestration.  The Favrot parties filed a counterclaim, alleging violations of Louisiana Civil Code article 2315, negligent misrepresentation, intentional misrepresentation, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, and breach of contract.  SCS subsequently filed a motion for leave to file its first amended complaint, which is currently pending before the magistrate judge.

SCS filed this motion to dismiss in response to Defendants' counterclaim for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law.

**II.  DISCUSSION**

SCS contends that Defendants are not within the proper class of persons entitled to maintain an action for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), and thus this counterclaim must be dismissed under Federal Rule of Civil Procedure 12(b)(6).  It argues that the Fifth Circuit has recognized that LUTPA only provides a cause of action for "direct" consumers and business competitors.  (Pla. Memo., p. 4, citing *Tubos de Acero de Mexico, S.A. v. American Internationl Investment Corp., Inc.*, 292 F.3d 471, 479 (5th

Cir. 2002)).  Plaintiff contends that LUTPA gives further guidance as to which "consumers" are protected by defining a "consumer transaction" as "any transaction involving trade or commerce to a natural person, the subject of which is primarily intended for personal, family, or household use."  *Id*. (quoting LA. REV. STAT. ANN. §51:1402(3)).  SCS argues that Defendants are neither consumers nor business competitors as required under the statute, and thus their claim under LUTPA should be dismissed.

The Favrot parties oppose the motion.  They contend that LUTPA does in fact provide them with a cause of action against SCS for its fraudulent and unethical billing and work practices.  They suggest that SCS's argument that they are not within the class of persons entitled to maintain an action under LUPTA is based on a line of cases that misinterpret the statute to apply only to competitors and consumers of personal or household goods or "direct consumers."  They contend that this interpretation is contrary to the intent and explicit language of Sections 1405 and 1409 of the Act and should not be applied by this Court.

The Favrot parties cite several opinions from Louisiana's First and Second Circuit Courts of Appeal in support of their position that competitors and "direct consumers" are not the only persons afforded relief under LUTPA.[1]  They argue that the contrary holdings by Louisiana's

---

[1] *Barrios v. Associates Commercial Corp.*. 481 So.2d 702, 705 (La. App. 1 Cir. 12/26/85); *Capitol House Preservation Co. v. Perryman Consultants, Inc.*, 725 So.2d 523, 530 (La. App. 1 Cir. 12/10/98); *Jarrell v. Carter*, 577 So. 2d 120, 123 (La. App. 1 Cir. 3/5/91); *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 618 So.2d 1076, 1081 (La. App. 1 Cir. 4/23/93); *A&W Sheet Metal,Inc. v. Berg Mechanical, Inc.*,  653 So.2d 158 (La. App. 2 Cir. 4/5/95).

Third[2] and Fifth[3] Circuit Courts of Appeal, as well as the United States Fifth Circuit Court of Appeal,[4] are erroneous, and their opinions have been criticized.  For instance, they cite *Gardes Directional Drilling v. U.S. Turnkey Exploration Co.*, 98 F.3d 860, 867-68 (5th Cir. 1996), in which the United States Fifth Circuit explained that its position was debatable given the split among the circuits, but held it was constrained to follow its earlier ruling absent a subsequent decision by Louisiana courts demonstrating that the holding is clearly wrong.  They also point to a statement in an opinion rendered by another section of this Court.  In *5-Star Premium Finance, Inc. v. Wood*, 2000 WL 1532896, *1 (E.D. La. 2000), Judge Berrigan stated that "[i]n light of the expansive language offered by the Louisiana Court of Appeals in *Capitol House Preservation Co., L.L.C. v. Perryman Consultants, Inc.*, 725 So. 2d 523, 530 (La. App. 1 Cir. 12/10/98), reconsideration of the Fifth Circuit position regarding LUTPA may be appropriate."[5]  The Favrot parties contend that such reconsideration is indeed appropriate.

They also contend that they will be presenting evidence on their negligent and intentional misrepresentation claims which will be supportive of the LUTPA claim.  Thus, granting SCS's motion will not eliminate any evidence or limit the scope of the trial.  On the other hand, they argue, by allowing the claim to proceed, the Court can ensure that all the issues are tried, leaving

---

[2] *Vermillion Hospital, Inc. v. Patout*, 906 So. 2d 688 (La. App. 3 Cir. 6/8/05).

[3] *Levine v. First National Bank of Commerce*, 845 So. 2d 1189 (La. App. 5 Cir. 4/29/03).

[4] *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220 (5th Cir. 1991).

[5] The Court nonetheless dismissed the claim under LUTPA, explaining that "for now, the Court is prevented from entertaining Plaintiff's prayer for relief under this statute."  *Id.*

the U.S. Fifth Circuit to decide whether to revisit its earlier decisions.

The Favrot parties plainly acknowledge that the position of the U.S. Fifth Circuit is that LUTPA does not protect those who are neither business competitors nor participated in a "consumer transaction," as defined by the Act.  *See Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220, 225-26 (5th Cir. 1991).  While this decision may continue to sustain criticism, the Fifth Circuit has yet to change its position.  This Court is bound to follow the decisions of the Fifth Circuit.  Although "reconsideration of the Fifth Circuit's position regarding LUTPA may be appropriate," the Fifth Circuit must be the one to reconsider, not this Court.  *5-Star Premium Finance,* 2000 WL 1532896, *1.  The *5-Star Premium Finance* court recognized this when it dismissed Plaintiff's LUTPA claim.  *Id*.  Because the Favrot parties do not fall within the class of persons protected by LUTPA, their counterclaim for violation of LUTPA must be dismissed.

ACCORDINGLY,

**IT IS ORDERED** that Plaintiff's **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Rec. Doc. 29)** is **GRANTED**.  The Favrot parties' counterclaim for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17th day of July, 2006.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE